### WILL JACKSON v. THE STATE.

*No. 643.    Decided January 23.*

**1. Indictment—Theft of Currency Money—Description of.**—Where an indictment for theft of money describes the money as "five ten-dollar bills of the value of ten dollars each, and nine five-dollar bills of the value of five dollars each," *Held,* said description is fatally defective, in that it does not allege that the said "bills" were "money."

**2. Theft—Felony Conviction—Insufficient Evidence.**—On a trial for theft of property of value over $20, a conviction for felonious theft can not be sustained where the evidence fails to establish that the article or articles stolen were of the value of $20 or over.

APPEAL from the Criminal District Court of Harris. Tried below before Hon. E. D. CAVIN.

This appeal is from a conviction for theft of property over the value of $20, the punishment assessed being six years and eleven months in the penitentiary.

No statement is required.

No briefs on file.

HENDERSON, JUDGE.—The appellant in this case was tried in the Criminal District Court of Harris County, on the 28th of December, 1894, on an indictment charging him with theft of personal property over the value of $20, and convicted, and his punishment assessed at a term of six years and eleven months in the penitentiary; and from this judgment and sentence prosecutes this appeal.

The defendant assigns two errors: 1. That the court erred in over-ruling the defendant's motion for a new trial, for the reason that the evidence was insufficient to warrant the jury in finding a verdict of guilty. 2. That the court erred in overruling defendant's motion in arrest of judgment, for the reason that the description of the money in the indictment is insufficient.

The indictment is this case charges the defendant with theft of "five ten-dollar bills, of the value of ten dollars each; nine five-dollar bills, of the value of five dollars each; one ten-dollar gold piece, of the value of ten dollars; five two-dollar and a half gold pieces, of the value of two dollars and fifty cents each; two dollars and fifty cents in silver coin, of the value of two dollars and fifty cents; and one pistol, of the value of five dollars."

These assignments raise the question, in the first place, does the indictment sufficiently describe enough of the property alleged to have been stolen to charge defendant with a felony? and secondly, if it does, was the proof sufficient to warrant the jury in finding defendant guilty of a felony in connection with the property which may have been sufficiently described?

As to the bills set out in the indictment, there is no allegation that they were money. In Otero v. The State, 30 Texas Criminal Appeals, 454, 455, the property alleged to have been stolen was described as "twenty dollars in money," and the court say: "Money, as used in the statutes pertaining to theft, means legal tender coin or legal tender currency of the United States."

In passing upon the proof in the case under the allegations of the indictment, which was held good, the court further say: "We do not think the evidence shows the bill was money, as that term is understood under our statutes pertaining to theft. If the property was not money as above defined, then the indictment should have described it; and if that could not be done, then that fact also should be stated in the indictment."

In the indictment under consideration the bills are not called money, and no further description of them is given than that they were "five ten-dollar bills, of the value of ten dollars each; and nine five-dollar bills, of the value of five dollars each." If they had been called money, the State might have proved that they were legal tender currency of the United States; but in the absence of such description, we are left to conjecture the character of bills intended, of which there are quite a number. See Webster's and Bouvier's definition of "Bills." To uphold the indictment in this case upon this feature of it, would give the State too much latitude and place the defendant at too great a disadvantage, and we therefore hold the indictment defective in this respect. Eliminating the bills in the indictment as insufficiently described, and conceding that the description of the other property, to wit, gold pieces, silver coin, and a pistol, are sufficient and enough in amount to charge defendant with a felony, yet when we

examine the proof, the case is not made out for a felony. The alleged owner, Charley Lucia, is the only witness who speaks upon this point, and he says nothing about having a ten-dollar gold piece stolen; and he places no value on the pistol. Five two-dollar and a half gold pieces and two dollars and fifty cents in silver shown to have been stolen are not sufficient in amount to sustain the conviction of the defendant for a felony.

The case is accordingly reversed and remanded.

*Reversed and remanded.*

Judges all present and concurring.